KITTREDGE vs. THE CITY OF MILWAUKEE.

*Cities subject to sec. 120, chap. 19, R. S., as to highways. Street commissioners city officers, for whose default the city is accountable. The corporation primarily liable for injury caused by obstructions placed in the highway.—Pleading.*

1. Sec. 120, ch. 15, R. S. (which makes towns liable for damages resulting from defective highways), is applicable to the city of Milwaukee.
2. The street commissioners of that city, though appointed respectively for the several wards, are agents of the city, for whose default in maintaining highways it is liable.

3. Where the complaint alleges that an injury was caused by a stringer and rail raised about five inches above the surface of the street, it cannot be assumed (on demurrer) that this was the track of a horse railroad.
4. The city is primarily liable for injuries arising from a defect suffered to remain in a street, although a third party may be liable over in tort.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover for injuries caused by an obstruction in one of the streets of the defendant city. The complaint showed that the supposed obstruction consisted of a stringer some sixteen feet long, having an iron rail fastened on the top of the same, which stringer was firmly embedded in West Water street, near the crossing of Clybourn street; that the top of the iron rail attached to the stringer was raised some five inches above the surface of the pavement of the street; that this obstruction had remained in that place, with the knowledge of defendant, for a considerable time prior to the injury complained of; that on February 28, 1869, the plaintiff, while driving a horse and buggy through said city, and attempting to turn at the corner of West Water and Clybourn streets, not observing said obstruction, drove against it in such a manner that he was thrown upon the pavement of the street, and greatly injured, to his damage $10,000. A demurrer to the complaint, as not stating a cause of action, was overruled; and defendant appealed.

*D. G. Hooker,* for appellant, contended that secs. 120 and 126 of chap. 19, R. S., do not apply to cities, but only to towns. *State ex rel. Sherman v. Milwaukee,* 20 Wis. 87. 2. The street commissioners, whose duty it was to repair and keep in order the streets, were ward officers, and independent of the corporation, and hence the city was not accountable for their default. Secs. 1, 3, 4 and 5, sub-chap. 7 of chap. 56, P. & L. Laws of 1852; sec. 1, chap. 117, P. & L. Laws of 1858, and sec. 4, chap. 172, P. & L. Laws of 1859; also, P. & L. Laws

of 1866, p. 607; * *Hickok v. Plattsburgh,* 15 Barb. 427; *Conrad v. Trustees of Ithaca,* 16 N. Y. 161 *and note; Martin v. Brooklyn,* 1 Hill, 545.

*John W. & A. L. Cary,* for the respondent, cited secs. 3, 4, sub-chap. 4, and secs. 3–5, sub-chap. 7 of ch. 56, Laws of 1852; sec. 7, chap. 268, P. & L. Laws of 1866, and sec. 6, chap. 172, P. & L. Laws of 1859; also *Cummings v. The Mayor, etc.,* 11 Paige, 599; R. S., chap. 5, sec. 1, subd. 20, and chap. 19, sec. 126; *City of Providence v. Clapp,* 17 How. (U. S.) 161; *Crane v. Fond du Lac,* 16 Wis. 196; *Hutson v. The Mayor,* 9 N. Y. 163; *Barton v Syracuse,* 36 N. Y. 54; *Davenport v. Ruckman,* 37 id. 568; *Kelley v. Milwaukee,* 18 Wis. 83; *Weightman v. Washington,* 1 Black, 50; *Chicago v. Robbins,* 2 id. 418. To the point that the defendant was primarily liable, though there might be a right of action over against a third party, they cited 2 Hilliard on Torts, 408; *Phillips v. Veazie,* 40 Maine, 96; *Elliot v. Concord,* 7 Foster, 208; *Batty v. Duxbury,* 24 Vt. 158.

PAINE, J.   We have no doubt that the provisions of section 120 of chapter 19 of the Revised Statutes, imposing upon towns a liability for any damages resulting from the insufficiency of highways, are applicable to the city of Milwaukee.   Section 126 expressly declares that all the provisions of that chapter shall be applicable to all parts of the state, except where special provisions, inconsistent therewith, are made in respect to particular towns, counties, *cities* or villages. No such inconsistent provisions exist in the charter of Milwaukee.   It is true that there, as in all other cities,

---

* Chapter 172, P. & L. Laws of 1859, provides (sec. 4) that "the councilors of the respective wards shall be street commissioners in and for their respective wards; and also provides (sec. 6) for an appeal from the commissioners to the common council, and that "the commissioners shall, at all times, be subject to the control and direction of the common council." Chapter 268, P. & L. Laws of 1866, makes it the duty of said commissioners to keep in repair the streets, in their respective wards, and authorizes them to make contracts for that purpose, chargeable to the ward fund.
                                                                REP.

a different mode is provided for laying out, constructing and regulating highways, from that which is provided for the towns. But this difference is designed mainly to meet the increased demand for facilities for travel, and for care and attention to the highways, which exists in cities. In the absence even of any express declaration of the legislative intent, it would be extraordinary to infer, from this difference, any design to withdraw the protection of the general provisions of this chapter, so far as they are applicable, from those very points where such protection is most needed. But since the legislature has taken care to provide that they shall be applicable to all parts of the state, except where there is some special provision to the contrary, there is no room for argument upon the subject.

Nor have we any doubt that the street commissioners are to be regarded as the officers and agents of the city, for whose default, in this respect, the city is responsible. The city is divided into wards, and the commissioners are called ward officers. This is for a convenient and systematic division of duties and labors. Notwithstanding this, they are to be regarded as representing the city, and as its officers and agents. In truth, the charter expressly makes the commissioners " at all times subject to the control and direction of the common council."

The only other ground relied on for sustaining the demurrer was, that it appeared on the face of the complaint that the alleged defect in the highway consisted of an obstruction created by a part of the track of a horse railroad, and that, therefore, the horse railroad company was liable instead of the city. The complaint only alleges that the obstruction consisted of a stringer and rail, raised about five inches above the surrounding surface of the street. It does not say that it was a part of the track of a horse railroad, or explain in any manner how it came there. And upon the face of the

Wis. xxvi—7

complaint we could not assume such to be the case. But the counsel for the plaintiff concedes, in his printed brief, that it was, in fact, a part of a track of a horse railroad, the use of which had, for some time, been abandoned, and parts of the track taken up. But he contends that even though the railroad company might be liable over to the city, the city is still primarily liable for any injury occasioned by the insufficiency of the street. And the authorities cited, as well as the statute, sustain this conclusion.

*By the Court.*—The order overruling the demurrer is affirmed.