## HARPER vs. THE CITY OF MILWAUKEE.

MUNICIPAL CORPORATION: NUISANCE: (1.) *Liability of city for defective highway.* (2.) *City liable for nuisance wherever private person would be liable.* (3.) *Obstruction to flow of water in a gutter.* (4–10.) *Effect of contract for construction of public work on liability of city.* (10–12, 14.) *Effect of statutes on liability of city.* (13.) *Notice to municipal officers sufficient to bind city.* (15, 16.) *Grade of sidewalk.*

NON-SUIT: (17.) *Refusal of, not necessarily ground for reversal of judgment.*

PLEADING: (18.) *Variance not fatal where gravamen is not changed.*

1. The *statute* (R. S., ch. 19, sec. 120; Tay. Stats. 513, § 156) which makes towns liable for damages to person or property, caused by the insufficiency or want of repairs of a highway, relates only to damages sustained by a *traveler* using the highway as such, and *not* to damages caused to adjoining property by the overflowing of water caused by an obstruction of the highway.

2. In general a municipal corporation has no more right than a natural person, to create and maintain a *nuisance*, and is liable for injuries

Harper vs. City of Milwaukee.

occasioned thereby in any case where a private person would be liable under like circumstances.

3. If a city, in causing a sewer to be constructed in a street by its officers or agents, knowingly permits earth, etc., to be placed in the street unnecessarily, or to remain for an unnecessary length of time, so as to obstruct the proper flow of water in the gutters, such obstruction is a public nuisance, and the city is liable to an adjoining owner for injury done to his property by an overflow of water caused by such obstruction.

4. The fact that the sewer was being constructed under a contract will not relieve the city from liability, if the contractor acted as its agent and subject to its control as to the *mode* of performing the work.

5. If a public work is constructed under an *independent* contract (lawfully entered into by the city), the municipal authorities having no control of the mode of performing the work, the contractor alone, and not the city, will be liable for such injuries.

6. Where a city contracts for the construction of a work of improvement (as a sidewalk, gutter or sewer,) the fact that the expense thereof is chargeable upon the adjoining lots will not render the contractor an agent of the lot-owners rather than of the city.

7. If such works were not regarded as *public* works, *it seems* that the legislature could not authorize the municipality to make them.

8. Under the charter of Milwaukee, the board of public works has full control of the mode of performing any public work by a contractor, and is bound to reserve *in the contract* the right to finally determine all questions as to the proper performance thereof, and, in case of an improper performance, to order a reconstruction of the work, or relet it to some other party. (P. & L. Laws of 1869, ch. 399, secs. 11, 17; id., ch. 401, sec. 12.)

9. In the absence of evidence as to the provisions of a contract let by such board, it must be *presumed* that it contained the provisions which the board was bound to insert therein.

10. Under such a contract the city is liable for injuries resulting from negligence or misconduct of the contractor, as in other cases a principal is liable for the acts of his agents, except as it is exempted by sec. 30, ch. 401, P. and L. Laws of 1869.

11. Said section does not exempt the city from liability in this case, because the injury was not received " at the place " where the sewer was being constructed.

12. *It seems* that the object of said section is to relieve the city only from the *statutory* liability for injuries to *travelers*.

13. Two members of the board of public works, and the city engineer who had charge of the construction of the sewer, having been aware of

Harper vs. City of Milwaukee.

the existence of the obstruction and its dangerous character, in ample time to have abated it before the injury, this was *notice* to the city.

14. Section 7, ch. 401, P. and L. Laws of 1869, requiring *written* notice of the dangerous condition of a street to be given in certain cases, has no application, by its terms, to this case.

15. If the injury would not have resulted except for the height at which a certain sidewalk adjoining plaintiff's property was maintained, the grade of such sidewalk, if lawful, was no part of plaintiff's cause of action.

16. If the grade of the sidewalk, as shown by the proof, was unlawful, the failure of the complaint to aver the negligence of the city in that respect, did not constitute a material variance. The *gravamen* of the action was injury to the plaintiff, caused by negligence of the city; and the variance might be either *disregarded* or cured by *amendment* before or after judgment. (Tay. Stats., 1445, §§ 35, 36; and 1446, § 41.)

17. A refusal to non-suit a plaintiff for want of sufficient evidence, will not work a reversal of the judgment, if the defect be afterwards supplied by either party, and if there is enough evidence in the whole case to sustain the verdict.

18. A variance in pleading, which does not change the *gravamen* of the action, and which cannot operate as a surprise upon the other party, is not fatal, and may be disregarded on the trial.

APPEAL from the County Court of *Milwaukee* County.

The complaint is to the effect that in July, 1870, the defendant was engaged by its agents and servants, in laying a sewer in and through Oneida street, one of the public streets and highways therein; that it conducted the work so carelessly and negligently that it totally obstructed the gutter on the north side of said street by quantities of earth and other materials placed in said gutter and street; that by the negligence and gross carelessness of the defendant and its agents and servants, such obstructions were allowed to remain for several days; that the waters in the street, occasioned by a heavy fall of rain, were by reason of such obstructions stopped and prevented from running off to the river in said gutter, as they otherwise would have done, and were thereby set back across the sidewalk and into the cellar of a building adjoining the premises owned by the plaintiffs, and occupied by them as a store; and that said

waters flowed from thence through a brick wall into the cellar of the plaintiffs, filling the same with water to the depth of five feet, and injuring and destroying certain merchandize of the plaintiffs stored in their said cellar. The situation of Oneida street and of the gutter, before it was thus obstructed, and the location of the premises of the plaintiffs, are particularly stated in the complaint. The answer is a general denial.

The bill of exceptions shows, that on the trial, Oneida street was admitted to be a public street, and the plaintiff introduced testimony tending to show that in July, 1870, their cellar, in said city and on that street, was flooded with water, which flooding was caused by an obstruction in the gutter, which caused the surface water to flow back into the cellar of one Hang, adjoining their premises, and from thence into their cellar. That a sewer was being constructed in Oneida street, and in constructing the same the workmen had obstructed the gutter; that such obstruction had continued for several weeks; that two members of the board of public works and the superintendent of the work, who was employed by the city, knew of the existence thereof, and they also knew that in case of heavy rains it would prove dangerous by preventing the water from flowing off through the gutter; and that the city authorities took no measures to remove the obstruction. The plaintiffs also gave testimony concerning the damages sustained by them and rested their cause.

The defendant, by its counsel, moved the court to nonsuit the plaintiff for reasons stated in the opinion. The court denied the motion and the defendant's counsel excepted.

Thereupon the counsel for the defendant introduced testimony tending to show that the sewer in Oneida street was constructed under contract; that the work was let to the lowest bidder under plans and specifications, and the contract was regularly executed. Dunn and Thompson were such contractors, and they built the sewer pursuant to the contract. The contract, plans and specifications were read in evidence. Testimony was

Harper vs. City of Milwaukee.

also introduced on behalf of the defendant, that the sidewalk west of the alley on Oneida street, (and near where the obstructions were placed,) had been raised by the owner without authority, in the summer or fall of 1869, " according to measurements given to him at his request, of a then contemplated grade by a person who was then city engineer, acting in a private capacity and not for the city ; which grade had not then been, but was afterwards in 1870, and before the injury complained of, adopted by the city by ordinance, but not ordered to be done. That the grade of the sidewalk in question has never been ordered by the city. That the owner in raising the grade of the sidewalk in question, had raised it a foot and a half above the alley, and that if the sidewalk in question had not been raised the obstruction of the gutter would have caused the water to run over the sidewalk west to East Water Street, instead of flowing back into the alley. That the grade descends rapidly from the alley to East Water street, and that the water would probably have flowed down that way over the sidewalk had it remained as it was before the grade. The window in the alley through which the water flowed was about even with the sidewalk before the grade."

The foregoing included in quotation marks is an extract from the bill of exceptions.

Those portions of the instructions given by the court to the jury, which were excepted to on behalf of the defendant, are as follows :

" A municipal corporation having the exclusive care and control of the streets is obliged to see that they are kept safe, and to abate all nuisances that might prove dangerous. If this duty be neglected, and in consequence thereof any one is injured in person or property, the corporation is liable for the damages sustained."

" If the jury believe from the evidence that the gutter in question had been filled up with earth so as to obstruct the flow of the water that would naturally flow along the gutter, and by

reason thereof the plaintiffs have sustained damages, and that such obstruction had remained for several days prior to such injury, and was an open and notorious obstruction to the gutter, and if they believe that the officers of the defendant had notice thereof and failed, within a reasonable time thereafter and prior to the injury, to cause such obstruction to be removed, that the city is liable for such injuries by the plaintiffs sustained by reason of such obstructions."

The following instructions asked on behalf of the defendant were refused :

" That the plaintiffs are entitled to recover only for the case set forth in this complaint, and that the right of the plaintiffs to recover is limited by the facts stated in the complaint, and that the jury cannot find for the plaintiffs on any other facts for which the city may be responsible, tending to produce the injury which are not set forth in this complaint."

" That if the jury believed from the evidence that the city of Milwaukee was, through the Board of Public Works, constructing a sewer in Oneida street, by a contract let under the charter to the lowest bidder, under a plan and specifications, and if they believe from the evidence that the plan and specifications contained all the precautions which the city could take in advance, to protect the public from injury, and that the injury to the plaintiffs ensued from the negligence or want of care of the contractors, the city is not liable to the plaintiffs for the injury complained of.

" That if the jury believe from the evidence, that the injury of which the plaintiffs complain in this action, was incurred when and while work was being done in the street, under a contract made by the Board of Public Works, the cause of the injury arising from the misconduct of the contractors, the plaintiffs cannot maintain this action.

" That if the jury believe from the evidence that the injury complained of was caused to the plaintiffs by the flowing of the surface water into the alley, and from the alley through other

cellars into the basement of the plaintiffs, and that the water would have flowed down the street and not entered the alley, and from thence into the plaintiffs premises, had it not been impeded and interrupted by the height of the sidewalk, that then the plaintiffs are not entitled to recover under this complaint.

"That under the proof given in this case, the defendant is entitled to a verdict."

The jury found for the plaintiffs, and assessed their damages at $501.88. Judgment was duly entered upon the verdict, and the defendant has appealed therefrom.

*E. G. Ryan*, city attorney, for appellant.
*Jenkins & Elliott, contra.*

LYON, J. This action is not founded upon the statute which makes a town liable for damages to person or property caused by the insufficiency or want of repairs of a highway, and which was held by this court in the case or *Kittredge v. Milwaukee*, 26 Wis., 46, to be applicable to the city of Milwaukee. Taylor's Stats., 513, § 156. The statute only gives an action for damages sustained in using the highway for the purposes for which a highway may lawfully be used. If the highway is not in a reasonably safe condition for travel, and a traveler upon it, who is himself free from negligence, is injured by reason of the same being out of repair, an action for such injury may be maintained by virtue of the statute, but in no other case. Such is the construction which has been given to similar statutes 'in other states, and the construction is believed to be a sound one. *Tisdale v. Inhabitants of Norton*, 8 Met., 388; *Holman v. Inhabitants of Townsend*, 13 Id., 297; *Peck v. Inhabitants of Ellsworth*, 36 Me., 393; *Smith v. Inhabitants of Dedham*, 8 Cush., 522.

If the city of Milwaukee is liable at all in this action, it is so because it has created or permitted a nuisance, by means whereof the plaintiffs have suffered special damages.

It will probably not be disputed that had an individual,

without competent authority, placed the earth and material mentioned in the complaint, in the street and gutter adjacent to the premises of the plaintiffs, and thereby caused the injury complained of, the plaintiffs could have maintained an action therefor against him.    In such case the obstruction to the flow of the water along the gutter of the street would be a public nuisance, and the plaintiffs having suffered particular damage therefrom, could, doubtless, maintain an action.    *Stetson v. Faxton*, 19 Pick., 147.    If the earth and material were unnecessarily placed there by the city, or by its agents or servants who were charged by law with the duty of constructing the sewer, or if the proper city authorities permitted the same to remain there an unreasonable time, although necessarily placed there in the first instance, such obstruction to the flow of the water would thereby become a public nuisance, in like manner as it would be had it been unlawfully put there by an individual.

The general rule of law is that a municipal corporation has no more right to erect and maintain a nuisance than a private individual possesses, and an action may be maintained against such corporation for injuries occasioned by a nuisance for which it is responsible, in any case in which, under like circumstances, an action could be maintained against an individual.    *Pittsburgh City v. Grier*, 22 Penn. St. R., (10 Harris), 54; *Brower v. The Mayor, etc., of New York*, 3 Barb., 254; *Young v. Leedom*, 67 Penn. St. R., 351; *Delmonico v. The Mayor, etc., of New York*, 1 Sandf., 222; are a few of the numerous cases which assert or recognize this principle.

In this case it is perfectly apparent that the obstructions to the gutter and street were permitted unnecessarily to remain therein by the officers of the city, whose duty it was to remove the same.    Under the charge of the court the jury must have found that fact, and also the further facts that those officers knew of the existence of the obstructions, and had ample time to remove the same before the injury complained of happened, and that they also knew the dangerous character of the obstruc-

tions in the event that a heavy rain should fall before they were removed. These facts demonstrate that the earth and material so placed, and suffered to remain in the street and gutter, constituted a nuisance, for the existence of which the city of Milwaukee is responsible, and is liable for the damages occasioned by it to the plaintiffs, unless it is relieved from such liability by some provision of its charter, or by some peculiar circumstances in the case.

This brings us to consider the various grounds upon which the learned counsel for the city argues that such liability does not exist in this case.

I. When the plaintiffs closed their proofs on the trial, a motion was made on behalf of the defendant for a nonsuit, for the reason that there was no proof that the sewer was being constructed under the authority of the defendant. The same objection is urged in this court. The alleged imperfection in the plaintiff's proofs was supplied by the defendant, by the introduction on its part of testimony showing that the sewer was constructed pursuant to a contract entered into by the city with the parties who constructed the same. It is well settled that when a motion for a nonsuit for want of sufficient evidence to maintain the action is improperly denied, if the defect be afterwards supplied by either party, and there is enough evidence in the whole case to sustain the verdict, such refusal to nonsuit the plaintiff will not work a reversal of the judgment. *Dodge v. McDonnell*, 14 Wis., 553 ; *Barton v. Kane*, 17 Id., 37. Applying this rule to the present case, and the objection that the court erred in refusing the nonsuit, is not available to the defendant. We do not decide whether the nonsuit should have been granted, as that question has, for the reasons stated, become immaterial in the determination of this appeal.

II. It, is claimed that in the construction of sewers, or in making contracts therefor, the city authorities do not act on behalf of the city, but only on behalf of the owners of adjoining lots benefitted thereby, and which lots are made chargeable with the

expense of the improvement, and that, therefore, the city is not liable for any damages to individuals caused by the prosecution of the work.

We are unable to adopt these views. We think that the building and repairing of streets, gutters, sidewalks and sewers, are public municipal improvements, made by the proper officers or agents of the municipality, for the municipality, which in that respect represents the public, and that the character of such improvements is not changed by the fact that the lots benefited thereby are made chargeable with the expenses of the work. If such improvements are not of a public, municipal character, if they are only made for the benefit of private property and the owners thereof, we are at a loss to know upon what principle the legislature can authorize the municipality to make them.

It does not seem necessary to elaborate this point, for it is believed that the propositions that such works are public improvements, and that the general rule is, as above stated, that the municipality constructing them is liable to respond in damages for injuries to persons or property caused directly by the negligence or unlawful omissions of its officers or agents in making the improvements, are too well established to require argument or citation of authorities to support them. It may be remarked, however, that many of the authorities referred to in this opinion sustain these propositions.

III. It is further claimed that because the work was done by contractors, and not directly by the city, and the injury complained of was the result of the acts of such contractors, the city is not liable for such injury, but that the plaintiff's only remedy therefor is against the contractors. This claim is predicated upon two grounds; 1st, On general principles of law, and 2d, On a statute.

1. It is freely conceded, that had the sewer been constructed under an independent contract lawfully entered into by the city, that is to say, under a contract by which the city retained

no control over the *mode* or *manner* of the performance of the work under the contract, it would not be liable in this action. The doctrine is elementary, that to make one person liable for damages caused by the misfeasance or nonfeasance of another person, the relation of master and servant, or principal and agent, must exist between them. This doctrine is applicable to this case, or would be applicable to it, had the sewer been built under an independent contract. But it was not so built. We have not the contract before us for the building of this sewer, but we must presume that it was made in accordance with the requirements, and subject to the provisions of the statutes relating thereto. Without inserting here those requirements and provisions at length, it is sufficient to say that by virtue of them, the board of public works had full and complete control of the *mode* and *manner* of the performance of the work by the contractor during the progress thereof, and it was the duty of that board to reserve, *in the contract* for building the sewer, the right to finally determine all questions as to the proper performance thereof, or the doing of the work therein specified, and in case of imperfect or improper performance, to suspend the work, to order a re-construction thereof, or to re-let the work to some other party. Private and Local Laws of 1869, ch. 399, secs. 11 and 17. Id. ch. 401, sec. 12.

The contract was not, therefore, an independent one, but the city, through its board of public works, retained control and direction of the work. And in such cases it has been held, and we think correctly, that if "an injury results from the negligence or misconduct of the contractor, or his servant or agent, the employer is placed under a liability equal and similar to that which exists in the ordinary case of a principal and agent." *Cincinnati v. Stone*, 5 Ohio St. (N. S.), 38 ; *City of St. Paul v. Seltz*, 3 Minn., 267.

We conclude that the defendant is not relieved from liability in this action by reason of the fact that the sewer was con-

structed by contract, unless it is so relieved by virtue of a stat-ute which will now be considered.

2. Section 30 of chap. 401, Private and Local Laws of 1869, is as follows:  " The city of Milwaukee shall not be held liable for damages or injury to any person or property incurred or hap-pening at any place in said city where work is being done and improvements made on streets and side-walks, under contract, or while such work is under contract, but all such damage may be collected of the contractors, where they fail to keep up suf-ficient fences or protection guards to prevent damage or injury to persons or property."

A careful consideration of this section has convinced us that this case is not within the purview thereof.  By its terms it only relieves the city from liability when the injury is incurred *at the place* where the work is being done.  Such is not the injury here complained of.  We apprehend that it cannot prop-erly be said that this injury was incurred *at the place* where the sewer was being constructed, or where the earth and materials were deposited.  We are inclined to think that the object of the law is to restrict the *statutory* liability of the city for inju-ries to persons and property of travelers in the streets, and we have seen that this action is not to recover for such injuries. The terms of the section prescribing the liability of contractors in certain cases, though perhaps not conclusive of the question, tend quite strongly to sustain the construction here suggested.

IV.  It is urged as a ground for the reversal of the judg-ment of the county court, that the city had no legal and suffi-cient notice of the existence of the nuisance which is alleged to have caused the injury complained of.  There is abundant testimony in the case showing, or tending to show that two members of the board of public works, and the city engineer who had charge of the construction of the sewer, knew of its existence and dangerous character in ample time to have abated it before the injury was suffered.  Such notice was notice to the city.  This doctrine has been recognized in several cases

decided by this court. *Ward v. The Town of Jefferson*, 24 Wis., 342 ; *Goodnough v. Oshkosh*, Id., 549 ; *Weisenberg v. Appleton*, 26 Id., 56.

But it is said that the city was entitled to a formal written notice, by virtue of sec. 7, ch. 401, Pr. and Local Laws of 1870.

There are two answers to this position, either of which is fatal to it. 1st. A written notice is only recognized by that enactment for the purpose of making the adjoining lots chargeable with the expense of repairing the street, etc., and has no reference whatever to the liability of the city for permitting nuisances to remain in its street by means of which persons or property are injured. 2d. The act, by its terms, only relates to streets, etc., which are represented to be dangerous to animals or persons *passing over the same.*" Hence it has no applicability to this case, for it is not claimed that the street was dangerous to travelers by reason of the obstruction complained of.

V. The last point which it is necessary to notice is the claim that the raised sidewalk west of the alley and near where the injury happened, contributed to the injury, and inasmuch as that fact is not stated in the complaint, but the whole injury is therein attributed to the obstruction in the street and gutter, the judgment cannot be sustained.

If the sidewalk was lawfully raised or lawfully maintained at its then height, there was certainly no more necessity for stating its presence there, than there was for stating the direction of the wind, the duration of the storm, or any other fact which might have had some connection with the injury. If the sidewalk was maintained unlawfully at its then height, upon the principles already decided in this case, the city was responsible therefor. In such case the injury was caused by the wrongful act or omission of the city in permitting the continuance of two nuisances. The complaint charges the injury to one of these, and the plaintiff's testimony tends to prove the averment.

The testimony introduced by the defendant tends to show

that the other nuisance had some influence in causing the injury, or rather that it was caused by both. The injury caused by the wrongful act or omission of the defendant, is the *gravamen* of the action, and the question as to whether it was caused by one such wrongful act or omission, or by two of them, cannot be very material. If, in an action for personal injuries, the complaint should aver that the same were caused by a blow inflicted by the defendant with a·club upon the person of the plaintiff, and if, after proof of the striking of the blow as alleged, the defendant should show that at the same time he struck the plaintiff another blow with his fist, and that both blows were instrumental in causing the injury complained of, would such proof defeat the plaintiff's right to recover under his complaint? Of course not. The court would disregard the variance as immaterial, or, if it deemed an amendment necessary, would order an immediate amendment of the complaint without costs, so as to conform the same to the evidence.

In this case the alleged variance did not change the *gravamen* of the action, and could not, by any possibility, operate as a surprise upon the defendant. It was therefore immaterial, and the court was fully justified in disregarding it on the trial and directing a verdict to be found according to the evidence. Taylor's Statutes, 1445, §§ 35 and 36. In such case the complaint may be amended to conform it to the facts proved either before or after judgment. Id., 1446, § 41.

The only exceptions taken on the trial relate to the giving and the refusal to give instructions to the jury, and to the refusal of the court to order a nonsuit, and inasmuch as the rulings and instructions excepted to are in accordance with the views herein expressed, we are of the opinion that the judgment appealed from should be *affirmed*.

*By the Court* — Judgment affirmed.