THOMAS B. REED, attorney general, by information, *vs.* CUMBER-
LAND & OXFORD CANAL CORPORATION.

Cumberland, 1875.—July 5, 1876.

*Information. Exceptions. Corporations. Practice. Constitutional Law.*

A party has no legal or constitutional right to file a plea or answer, or to claim a trial by jury, after the time has elapsed within which, according to the regular course of proceeding in the court where he is called to answer, he should have done it. The refusal by the presiding judge to grant him further time for such purpose is matter of discretion, and not the subject of exceptions.

An information in the nature of a *quo warranto*, presented by the attorney general, acting *ex officio*, in behalf of the state, is the appropriate remedy in cases of nonfeasance, or malfeasance, abuse of power, or misuse of privilege by a corporation chartered by the state; and judgment of ouster and seizure against the delinquent, is the proper judgment thereon.

ON EXCEPTIONS.

INFORMATION in the nature of a *quo warranto*.

The case is presented here on a second bill of exceptions. The case as presented on the first bill of exceptions is found on page 53 of this volume.

*F. O. J. Smith, B. Bradbury,* and *C. P. Mattocks,* for the defendants.

*T. B. Reed,* for the state.

BARROWS, J. This process, which is in substance and in fact, one instituted and urged in behalf of the state, was commenced by the filing of an information in the nature of a *quo warranto,* by the then attorney general, acting *ex officio,* at the April term of the court in this county, A. D. 1872.

The docket entries and other papers which make part of the case, show that the corporation was called upon to appear and plead at the October term, 1872 ; but instead of doing so, filed a motion to dismiss, which was overruled, and they were ordered to answer on the first day of the January term then next ensuing.

To this ruling and order they excepted, and without making any answer as required by the order, awaited the result of the hearing on their exceptions by the law court.

At the July law term, 1874, their exceptions were overruled ; but lest the defendant corporation might thereby be precluded from setting up some defense that had merits, the extraordinary favor was shown of allowing them a further time of sixty days before proceeding to judgment as upon *nil dicit.*

The sixty days were suffered to elapse, and no movement indicating the existence of any defense was made.

Some time during the October term, 1874, instead of filing a plea in any proper issuable form, they placed upon the files, without leave granted, or any further extension of time by the court, a paper of an anomalous character, partly in the form of an answer in chancery, and partly a demurrer. The exceptions state that the defendants' counsel averred that "the delay was through inadvertence, and claimed the right, and asked the privilege of then

filing the answer," and that they also "claimed the right of trial by jury, as guarantied by the constitution of the United States."

The right, under the existing circumstances, was not admitted, nor the privilege granted, and at the January term, 1875, the motion of the state that the court proceed to judgment of ouster and seizure forthwith, by reason of the default of the defendant, was allowed.

And to this the defendants excepted ; and thus the case is again presented to this court. We see no merit in the exceptions. The presiding judge might properly have refused to allow them. The refusal to grant further time to plead, was matter of discretion, and not the subject of exceptions. *Thornton* v. *Blaisdell,* 37 Maine, 190. *Franklin Bank* v. *Stevens,* 39 Maine, 532.

There are no constitutions or laws which give parties the right to file answers or pleas, or to claim trial by jury, after the time has elapsed, within which, according to the regular course of proceeding in the court where they are called to answer, they should have done it. The recusant is then at the mercy of the court.

In the present case that mercy had been abundantly exercised, and the defendant had been indulged to the very verge of a denial of justice to the state, before the order now excepted to, was made.

The docket entries upon the county and district dockets should be so corrected as to entitle the case properly, thus :

"The State of Maine, by information of Thomas B. Reed, attorney general, *vs.* The Cumberland & Oxford Canal Corporation."

The process itself seems to be regular, and to be the appropriate remedy for nonfeasance or malfeasance, abuse of power, or misuse of privilege, by a corporation chartered by the state; and the judgment ordered was the proper judgment. *Commonwealth* v. *Union Ins. Co.,* 5 Mass., 230. *Commonwealth* v. *Tenth Mass. Turnpike Corp.,* 5 Cush., 509. *Same* v. *Same,* 11 Cush., 171.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.