STATE EX REL. ATTORNEY GENERAL, Respondent, vs. THE MADISON STREET RAILWAY COMPANY, Appellant.

*October 16 — November 8, 1888.*

**Street railways: Franchises: Municipal ordinances: Forfeiture of charter: Quo warranto.**

Under sec. 1862, R. S., a municipal ordinance granting to a street railway corporation a franchise to occupy and use public streets for the purposes of its railway, has the force and effect of a statute of the state; and for a violation of the provisions of such ordinance an action may be maintained under sec. 3241, R. S., to vacate the charter or annul the existence of such corporation.

APPEAL from the Circuit Court for *Dane* County.

The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Gregory, Bird & Gregory*, and oral argument by *Charles N. Gregory*. They contended, *inter alia*, that the municipal ordinance and acceptance thereof by the defendant constitute a contract, whereby the city grants to the defendant certain privileges, in consideration of which the defendant agrees to perform the conditions mentioned in the ordinance. *Mayor of Troy v. T. & L. R. Co.* 49 N. Y. 657; *Waterloo v. Waterloo St. R. Co.* 71 Iowa, 193; *People v. Chicago W. D. R. Co.* 18 Bradw. 125; *State ex rel. City of Kansas v. C. C. S. R. Co.* 85 Mo. 263, 282; *Quincy v. Bull*, 106 Ill. 337; *Burlington v. Burlington St. R. Co.* 49 Iowa, 144, 147. Such an ordinance certainly confers no corporate powers, but those powers must be obtained by the proper compliance with the statute. *Sims v. Street R. Co.* 37 Ohio St. 556. The complaint alleges simply a breach of contract, and not a violation of the state law chartering the defendant; and therefore this action, brought under sec. 3241, R. S., cannot be maintained. *People ex rel. Maybury v. Mut. G. L. Co.* 38 Mich. 154. The attorney general, in behalf of the state, cannot bring an action against a corporation for any other

purpose than to try some public question in which the state itself is interested. *Att'y Gen. ex rel. Saunders v. Albion Academy*, 52 Wis. 469; *State ex rel. O'Brien v. Kill Buck Turnpike*, 38 Ind. 71; *People ex rel. Macey v. H. & C. Turnpike Co.* 2 Johns. 190. *Quo warranto* is an extraordinary remedy, and if relief can be afforded in the ordinary form of civil actions, proceedings by *quo warranto* cannot be maintained. High on Ex. Leg. Rem. 617; 5 Field's Lawyers' Briefs, sec. 158; *People ex rel. Macey v. H. & C. Turnpike Co.* 2 Johns. 190; *State ex rel. Grisell v. Marlow*, 15 Ohio St. 114. The policy of the law, as shown both by general enactment and by the charter of the city of Madison, is to commit to that municipality the control and regulation of the use of its streets; and while full powers lie in its own hands for the protection of all possible interests and the assertion of all rights in its highways, the courts will not permit such duty to be shifted from the city, and will not exercise an extraordinary remedy for its relief. *Cairo & V. R. Co. v. People*, 92 Ill. 170. To sustain proceedings by *quo warranto*, the acts of misuser or non-user must be touching matters which are of the essence of the contract between the sovereign and the corporation, and they must be wilful and repeated. High on Ex. Leg. Rem. sec. 648; *Comm. v. Comm. Bank*, 28 Pa. St. 383; *Harris v. M. V. & S. I. R. Co.* 51 Miss. 602–8; *State v. C. & H. Turnpike Co.* 2 Sneed, 254.

The city might have entered and taken possession of the streets and removed the track of the street railway, for the failure to comply with the conditions of the contract under which the defendant occupies such streets. *Pacific R. Co. v. Leavenworth*, 1 Dill. 393. Or, at its option, the city might have made the necessary repairs, etc., upon the streets, and have recovered the cost thereof in a direct action therefor against the defendant. *Oconto v. C. & N. W. R. Co.* 44 Wis. 231.

State ex rel. Attorney General vs. The Madison Street R. Co.

For the respondent there was a brief signed by the *Attorney General*, and by *R. G. Siebecker*, City Attorney, and *Pinney & Sanborn*, of counsel, and the cause was argued orally by *A. L. Sanborn*. They argued, among other things, that the action is brought for a *public* injury, and not upon any supposed breach of contract with the city as a body corporate. Under sec. 1862, R. S., the provisions of the city ordinance became a part of the law of the existence of the street railway company, so as to modify and restrain the rights, privileges, and franchises of the company in the same manner and to the same extent as though the company had a special charter in which the provisions of said ordinance were incorporated. The ordinance imposes duties of a public and general character, which are as binding as if contained in the statute. In conferring the franchise to use the streets, by virtue of its delegated authority from the legislature, the common council acted on behalf of the state as public officers, and not as agents of the local municipal corporation. The duty of protecting the public streets for public travel is a public and not a corporate duty. *Schultz v. Milwaukee*, 49 Wis. 259; *Little v. Madison*, id. 605; *Williams v. Yorkville*, 59 id. 119; 2 Dillon on Mun. Corp. sec. 655; *Kittredge v. Milwaukee*, 26 Wis. 46–50; *Griggs v. Foote*, 4 Allen, 195; *Manners v. Haverhill*, 135 Mass. 165; *McCarthy v. Boston*, id. 197; *People ex rel. Loomis v. Auditors*, 75 N. Y. 316; *Transportation Co. v. Chicago*, 99 U. S. 635; *Smith v. Washington*, 20 How. 135.

The case is one of important *public* interest,— so important and so entirely public that the state has the right and is charged with the duty to interfere and procure the dissolution of the company. 2 Morawetz on Priv. Corp. sec. 1018; *People v. K. & M. Turnpike R. Co.* 23 Wend. 193; *People v. H. & C. Turnpike R. Co.* id. 254. Whenever a street railway company notoriously violates and disregards the rules and regulations prescribed by municipal authorities

under the power delegated to them, it subjects itself to forfeiture of its franchise as fully and completely as a railway company would have done by refusing to comply with the Potter law. See *Att'y Gen. v. Railroad Cos.* 35 Wis. 523, 524, 595. Information in the nature of *quo warranto*, presented by the attorney general in behalf of the state, is the appropriate remedy. *Reed v. C. & O. Canal Corp.* 65 Me. 132; *Comm. v. T. M. Turnpike Co.* 5 Cush. 509; *S. C.* 11 id. 171; High on Ex. Leg. Rem. secs. 651 *et seq.; People ex rel. Coon v. P. P. R. Co.* 31 Mich. 178; *S. C.* 32 id. 248.

The franchises which the defendant derived from the mere act of organization are part only of the franchises it obtained and enjoys — franchises *in principio donationis* as they are termed in *Att'y Gen. v. Railroad Cos.* 35 Wis. 560. Franchises are special privileges derived by public grant which do not pertain to private persons as of common right. "A franchise is not essentially corporate." The franchise of occupying and using the highways of a state, which is granted by the city authorities as public officers and agents of the state, is one without which the strictly *corporate* franchises of the defendant are worthless. The distinction pointed out in 35 Wis. 560, is in harmony with *Sims v. Street R. Co.* 37 Ohio St. 556, 569, 570.

The existence of remedies in favor of the city is entirely consistent with the existence of the remedy here asserted on behalf of the state for the benefit of the general public. *Fitts v. C. C. R. Co.* 59 Wis. 329; *Comm. v. T. M. Turnpike Co.* 11 Cush. 171–5.

ORTON, J. This is an action brought by the attorney general in the circuit court, by leave of the court, for the purpose of vacating the charter and annulling the existence of the defendant as a corporation, and for the purpose of having a receiver appointed, and of winding up its affairs. The defendant demurred to the complaint, and the de-

murrer was overruled, and·from said order this appeal is taken.

The material allegations of the complaint are, in substance, as follows: By an ordinance of the common council of the city of Madison, authority and permission were given to the defendant to lay and maintain, within certain streets of said city, a street railway, within certain specified times, in a good and substantial manner, and in accordance with the approved plans for the construction of any such road, and to obviate as far as possible any obstruction or hinderance to any other purpose or use of said streets; and that the cars to be run on such railway, and other equipments to be used, should be of the best class and style in use on such railway; and that the railroad track and rails should at all times correspond with the actual grade of the streets, and should be so laid and maintained that carriages and other vehicles could easily and freely cross said tracks at all points and in all directions without obstruction, and should keep the space between the rails, and of one foot outside of them, so as not to interfere with travel, in as good condition as the street outside of said tracks and to correspond with the same. The said company was also required by said ordinance to lay and maintain a railway from the intersection of Park street with University avenue, along said avenue to the fair grounds, within a certain time mentioned. These and other requirements of said ordinance are made conditions of the franchises granted to the company thereby. The company built a railway on the streets and within the time mentioned; but it did not build, and has not built and maintained, the same in a good and substantial manner, or in accordance with the approved plans for the construction of any such railway, or with equipments of the best class and style in use on such a railway, in this: that it used a rail called the "T" rail, which is not the best and most ap-

proved style of rail in the construction of such a railway, but it impairs the use of said streets by reason of its elevation above the surface of the same, and makes it difficult to cross over with carriages and vehicles to such a degree as to be dangerous. The said company has not kept the space between the rails and of one foot outside to correspond with the grade of the streets, but such spaces have been left depressed considerably below the surface of the streets so as to make the track difficult and dangerous to cross over. The said company has not maintained a railway from the intersection of Park street and University avenue to the fair grounds, but has ceased to use the same, and has abandoned it, leaving the street in bad condition; and the company has failed to indemnify or defend the city in and from suits for damages occasioned by such bad condition of said railway and so caused, as required by said ordinance, and the city is harassed by actions commenced for such cause, and is threatened with many more of such actions.

To sustain the demurrer, or rather to reverse the order overruling the same, in this court, the learned counsel of the appellant relies only on the main ground that the complaint does not state a cause of action. The contention of the learned counsel is, in short, that the ordinance confers no corporate privileges or franchises, and that it is a mere contract between the company and the city, for a breach of which the city has the usual remedy by action; and that the company has not offended against the provisions of any law by or under which it was created, as the only possible cause at this time, mentioned in the statute, for a forfeiture of its charter and for this proceeding against it in the nature of *quo warranto.*

The acceptance by the company of these conditions of the ordinance constitutes a contract, without doubt, and so does the acceptance of a legislative charter by the incorpo-

rators; but it is clearly something more, and above a mere contract.   By the peculiar provisions of our statute under which the defendant became incorporated, there does not seem to be any doubt but that this ordinance, which conferred upon the company these privileges and franchises, has the force and effect of a statute of the state, and is essential to its very corporate existence.   The only object and purpose of its incorporation are to run and maintain a railway in and along the streets of the city of Madison, and they depend upon this ordinance.   Without the rights and privileges granted by it, or after it has forfeited them, the corporation fails to exercise its powers as a corporation, and has forfeited its charter, and may be proceeded against under the third subdivision of sec. 3241, R. S.   The company was organized under the general law (ch. 86, R. S.), and the first requirement is a declaration of its business and purposes, and such business and purposes were declared to be to build and maintain a street railway in the city of Madison.   If the company cannot do this, it can do nothing.   It follows that it depends upon this ordinance for its corporate existence, and, if it has so violated the conditions of the ordinance as to have forfeited its rights and privileges under it, it has *ipso facto* forfeited its charter, or, in other words, the right to do anything as a corporation.

But the ordinance has the force and effect of a law of the state by the terms of the statute itself.   All such ordinances are declared by the charter to have such effect, and it has such force and effect by becoming a part of the statute by its own terms, and is embodied in it.   By sec. 1862, R. S., " corporations for constructing," etc., " street railways, may be formed under chapter eighty-six, and *shall have powers and be governed* accordingly.   Any municipal corporation *may grant* to any such corporation, under whatever law formed, such use, and upon such terms, as the proper authorities shall determine, of any streets within

its limits, for the purpose of laying single or double tracks, and running cars thereon, for," etc. "Every such road shall be constructed *upon the most approved plan for such roads, and shall be subject to such reasonable rules and regulations,* and the payment of such license fees, as the proper municipal authorities may by *ordinance* from time to time prescribe." This statute requires obedience to such an ordinance. To act in accordance with its rules and regulations is the condition as well as the purpose of its incorporation. The charges of misconduct and failure of corporate duty in the complaint are so many failures to comply with this statute in constructing and maintaining a road *upon the most approved plans* for such roads, and are, as well, violations of the conditions of the ordinance. The last clause of this section provides that any grants heretofore made by any municipal corporation, not having the authority to do so, are thereby in all respects *confirmed.* This shows most clearly the effect of the statute as a confirmatory one, as well as a grant of power. It confirms the ordinance, imports it, and makes it a part of itself. The statute declares that the company *shall be subject to* such rules and regulations, that is, shall comply with the ordinance and perform its conditions if they are reasonable. A violation of the ordinance is a violation of the statute. It is too clear for argument that the object and purposes of such a corporation, to be secured only by obedience to the ordinance, are of public interest, and the legislature has shown the interest of the state in them by this special legislation.

The statute alone answers the argument of the learned counsel without reference to authorities by adjudged cases. We may refer, however, to some general principles applicable to such cases, where the statute may not be so explicit. The common council, in passing the ordinance, acted as the agent of the state and as public officers by

virtue of such delegated authority. The streets are for the public use, and so also are the street railways, affording increased advantages and facilities to the public, and they are primarily under the control of the legislature, and the power of the municipalities in respect thereto is entirely derived from the legislature. *Schultz v. Milwaukee,* 49 Wis. 259; *Little v. Madison,* 49 Wis. 605; *Williams v. Yorkville,* 59 Wis. 119; 2 Dill. Mun. Corp. sec. 655; *Kittredge v. Milwaukee,* 26 Wis. 46; *Griggs v. Foote,* 4 Allen, 195. These and other cases cited in respondent's brief sustain these principles. If this corporation has assumed the performance of these public duties, it cannot neglect them without incurring a forfeiture of its franchises. 2 Morawetz on Priv. Corp. sec. 1018; *People v. H. & C. Turnpike R. Co.* 23 Wend. 254. By information in the nature of *quo warranto,* presented by the attorney general in behalf of the state, is the proper remedy in all cases of non-feasance or malfeasance, or abuse of power and misuse of privileges, by a corporation chartered by the state, and *ouster* the proper judgment. *Reed v. Cumberland & O. Canal Corp.* 65 Me. 132. The immunities and privileges granted to the company by the ordinance are as much the franchises of the corporation as if they had been directly granted by the statute under which it was organized. The common council of the city of Madison is authorized to grant them by the statute, and such power is a delegated one. What the common council does within that power is done by the legislature through its agency. The public has an interest in these franchises; the power to grant them, therefore, must be derived from the legislature. *People v. A. & V. R. Co.* 24 N. Y. 261; *Bank of Augusta v. Earle,* 13 Pet. 519; Ang. & A. Corp. sec. 4.

In the very able brief of the learned counsel of the respondent are fully discussed the various questions connected with the main ground of this action, with numerous refer-

ences to authorities, to which reference may be had. I have already availed myself of the brief, and have condensed its matter, so as to make this opinion reasonably short. The various questions discussed are very important and interesting, but the case seems to be very clear under the statute itself. The complaint shows that the defendant, as a corporation, has offended against the provisions of the law under which it was created, by not complying with the reasonable rules and regulations contained in the ordinance, and has therefore forfeited its franchises, and may be proceeded against in this manner, according to sec. 3241, R. S., and subd. 1. The demurrer was properly overruled.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.