THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE BUFFALO STONE AND CEMENT COMPANY, Appellant.

An action, brought by the attorney-general under the Code of Civil Procedure (§ 1798), to annul the charter of a corporation, because it has offended against some provision of the act under which it was created or has, by violation of some provision of law, forfeited its charter or become liable to be dissolved by abuse of its powers, is strictly a people's action which may be brought in the name of the people, without a relator, and one who instigates such an action or applies to the attorney-general to have one commenced, has no such interest therein, as that anything done by him will affect the rights of the people to maintain the action. The simple question presented is as to whether a cause of forfeiture exists.

The failure of a corporation organized under the General Manufacturing Act (Chap. 140, Laws of 1848), to make and file an annual report, as required by the act (§ 12), is a ground of forfeiture under said Code. The duty so imposed is not simply one in which particular persons are alone interested, but is one owing by the corporation to the public generally.

The fact that the act imposes a liability upon the trustees of the corpora-
tion for a failure to file such a report, does not relieve the corporation
from the forfeiture.

Under the provision of said act (§ 10), requiring the capital stock of a cor-
poration, as fixed and limited by its articles of association, to be paid in
as specified, an express duty is imposed upon the corporation to see that
all its stock is paid in as prescribed, and where this duty has been
neglected and the attorney-general in the exercise of his discretion deter-
mines that an action to annul the charter should be commenced and
leave has been granted by the court and the action commenced, the stat-
ute is imperative that " the corporation shall be dissolved," and the court
has no discretion to award any other judgment.

Where, in an action to annul the charter of a corporation both because of
failure to file an annual report and because its whole capital stock had
not been paid in, it appeared that some of the persons who applied to the
attorney-general to commence it were the trustees who omitted to make
the annual report and stockholders who omitted to pay for their stock,
*held,* that the rights of the people to enforce the forfeiture was not
thereby affected.

(Argued January 21, 1892; decided February 9, 1892.)

APPEAL from judgment of the General Term of the Superior
Court of the city of Buffalo, entered upon an order made June
16, 1891, which affirmed a judgment in favor of plaintiff
entered upon a decision of the court on trial at Special Term.

This action was brought by the attorney-general on behalf
of the people to annul the defendant's charter.

The defendant was organized as a corporation on the
18th day of August, 1885, under the General Manufactur-
ing Act of 1848. Its capital stock was $90,000, divided
into nine hundred shares of one hundred dollars each. Prior
to its incorporation, the persons who proposed to take its stock,
entered into a written agreement that each subscriber for stock
should pay fifteen per cent of the amount of his stock at the
time of his subscription, and that the balance should be paid
on calls to be made, not exceeding ten per cent at a time, within
ten years. During the first two years of the defendant's cor-
porate existence only seventy-seven and one-half per cent of the
capital stock was paid in, and no more has been paid in since;
and the annual report required by section 12 of the act, for

January, 1889, was not made. On the 2d of March, 1889, a petition signed by various stockholders of the defendant was presented to the attorney-general asking him to commence an action against the defendant to have its franchises forfeited and its charter annulled. Thereafter the attorney-general made an application to a Special Term of the Supreme Court for leave to commence an action to annul the charter, and an order was made by the court on the 23d day of April, 1889, granting such leave, and this action was commenced on the following day. The action was brought to trial and resulted in a judgment in favor of the plaintiff dissolving the defendant and forfeiting its rights, privileges and franchises and appointing a receiver of its property and effects.

*Charles Daniels* for appellant. The failure to make and file the annual report furnishes no ground for this judgment. (Laws of 1871, chap. 657; *Jessup* v. *Carnegie,* 80 N. Y. 441; *City of Rochester* v. *Campbell,* 123 id. 405; *Matthews* v. *Coe,* 49 id. 57.) The judgment cannot alone stand on this failure to collect the balance of the stock. (*Powers* v. *Shepard,* 48 N. Y. 540; *Smith* v. *People,* 47 id. 330; Laws of 1870, chap. 151, § 3; 2 R. S. [6th ed.] 392, §§ 15, 20, 22, 24.; Laws of 1848, chap. 40, § 10; *People* v. *Jaehne,* 103 N. Y. 182; *Rosenplanter* v. *Roessle,* 54 id. 202.)

*Henry W. Brendell* for respondent. The defendant, having violated the law, lost its right of existence. (*People* v. *B. R. Co.,* 126 N. Y. 29; *Cornell* v. *Roach,* 101 id. 375; Morawetz on Corp. § 644; *People* v. *H. & C. T. Co.,* 23 Wend. 257; *People* v. *K. M. T. R. Co.,* Id. 204; *Ward* v. *Ins. Co.,* 7 Paige, 298; *People* v. *N. R. Co.,* 53 Barb. 98; 42 N. Y. 217; *People* v. *F. & B. P. R. Co.,* 27 Barb. 445; *State* v. *M. C. R. Co.,* 36 Minn. 246, 258; *State* v. *O. B. & L. Assn.,* 35 Ohio St. 258; *State* v. *P. & O. C. Co.,* 23 id. 121.) When a corporation violates the law, the attorney-general of the state has a right to bring an action dissolving its corporate existence. (Code Civ. Pro. § 1798; *In re N. Y. E. R. Co.,* 70 N. Y. 32; *Denike* v. *N. Y. R. L. Co.,* 80 id. 599; *Day* v. *O. & L.*

*C. R. Co.*, 107 id. 129.) The people have not waived the forfeiture of the defendant's charter. (*People* v. *M. Co.*, 9 Wend. 351; *People* v. *P. Bank*, 24 id. 431.) .

EARL, Ch. J. Section 1798 of the Code provides that upon leave being granted as prescribed in the preceding section, the attorney-general may bring an action against a corporation created by or under the laws of the state, to procure a judgment vacating its charter, or annulling its existence, upon the grounds that it has "(1) offended against any provision of an act by or under which it was created, altered or renewed, or an act amending the same and applicable to the corporation; or (2) violated any provision of law whereby it has forfeited its charter or become liable to be dissolved by the abuse of its powers." In such a case the attorney-general may, upon his own information, or upon an application made to him by any citizen, move the court for leave to bring the action. He must determine in the first instance whether the public interests require that the action should be brought, and thus that it is his duty to bring it, and then he must make application to the court for leave to bring it; and the court may exercise its discretion whether or not it will grant the leave. We have several times held that its discretion in such a case is not reviewable in this court. Such an action may be brought by the attorney-general in the name of the people, without a relator, and it is strictly a people's action. It is provided in section 1808 that "in a case where the action can be brought only by the attorney-general in behalf of the people, if a creditor, stockholder, director or trustee of the corporation applies to the attorney-general for that purpose, and furnishes the security required by law, the attorney-general must bring the action, or apply for leave to bring it, if he has good reason to believe that it can be maintained. Where such an application is made, section 1986 of this act applies thereto." Section 1986 provides as follows: "Where an action is brought by the attorney-general, as prescribed in this title, on the relation or information of a person having an interest in the question,

the complaint must allege and the title of the action must show that the action is brought upon the relation of that person. In such a case the attorney-general must, as a condition of bringing the action, require the relator to give satisfactory security to indemnify the people against the costs and expenses thereof. Where security is so given, the attorney-general is entitled to compensation for his services, to be paid by the relator in like manner as the attorney and counsel for a private person." That provision applies only to cases where the action is instituted in the name of the people to protect or secure the interests of individuals, like the actions specified in section 1781 of article 2, and sections 1784 and 1785 of article 3 of the Code, and in all cases where mere private interests are sought to be promoted by the commencement of the action by the attorney-general in the name of the people. But an action to annul a corporation under article 4 is purely a public action and proceeds upon public grounds, and it cannot be said, within the meaning of section 1986, that any person who instigates such an action, or applies to the attorney-general to have it commenced, has any interest in the questions involved in the action. The simple question to be determined in such an action is whether the existence of the corporation shall be permitted to continue, and it in no way concerns the rights and interests of the persons interested in the corporation as between each other. It is simply a question between the corporation and the people, and to determine that question no individual need be present as a party to the action. Therefore, it is of no legal consequence that some of the persons who applied to the attorney-general to commence this action were the very trustees who omitted to make the annual report as required by section 12 of the Manufacturing Act, or the very stockholders who omitted to pay for their stock. Their acts in no way prejudice the rights of the people. If a cause of forfeiture against the corporation exists, there is nothing in the conduct of any of the stockholders or officers of the corporation which can defeat the right of the people to enforce the forfeiture.

It is provided in section 12 of the Manufacturing Act of 1848 that every company formed under that act shall, within twenty days from the first day of January of each year, make the report as required by that section, which shall state the amount of capital, and of the proportion actually paid in, and the amount of its existing debts, which report shall be signed by the president and a majority of the trustees, and shall be verified by the oath of the president or secretary of the company and filed in the office of the clerk of the county where the business of the company shall be carried on.

The provision is that "every such company" shall make the report, and the duty to make it is a corporate duty imposed upon the company. (*Cornell* v. *Roach*, 101 N. Y. 373.) This duty was not performed, and it is claimed on behalf of the people that for the neglect, omission or refusal to perform it, there was cause for annulling its charter under the provision of the Code above set out. The duty is not simply one in which particular persons are alone interested, but it is a duty which the corporation owes to the public generally for the protection of all persons who may have occasion to deal with it, and to subserve a plainly expressed public policy, and for the omission to perform the duty it incurs the liability of forfeiture of its charter. Corporations are formed for definite objects, and their powers and duties are prescribed by law. The state confers upon them valuable franchises, and to carry out its policy exacts the performance of specified duties. They must exercise their franchises and perform the duties and obey the commands of the law as conditions of their existence. If they fail to travel in the orbits designated by the laws of their existence, the state may take away the corporate life which it has created. Such was the rule of the common law, and such has for a long time been the statute law of this state. In *People ex rel.* v. *Kingston and Middletown Turnpike Road Co.* (23 Wend. 193) it was held that non-compliance with the requirements of an act of incorporation of a turnpike company as to the construction of the road, is *per se* a misuser, forfeiting the privileges and franchises conferred; that the duties enjoined

by an act of incorporation are conditions attached to the grant
of the franchises conferred, and that it is not necessary to work
a forfeiture that the neglect or refusal to perform the duties
enjoined should proceed from a bad or corrupt motive ; that
it is enough that the duties be neglected or designedly omitted.
NELSON, C. J., writing the opinion of the court and construing
provisions of the Revised Statutes substantially like those of
the Code which we are now called upon to construe, said :
" The statutes obviously intended that corporations should fulfill
the conditions and perform the duties enjoined by the funda-
mental law of their creation, as the terms upon which to enjoy
their privileges. The principle is not new. It has been
always so held at common law as fundamental. Lord HOLT
said in *London City* v. *Vanacker* (1 Ld. Raym. 498) : 'All fran-
chises which are granted are upon condition that they shall be
duly executed, according to the charter that settles their con-
stitution ; and that being a condition annexed to the grant, the
citizens cannot make an alteration, but if they neglect to per-
form the terms of the patent, it may be repealed by *scire
facias.*' The principle is so thoroughly and firmly fixed in
the law of corporate bodies, that I need do no more than refer
to some of the authorities. A non-performance, therefore, of
the conditions of the act of incorporation, is deemed *per se*
a misuser; that will forfeit the grant even at common law."
In *Attorney-General* v. *Petersburg, etc., R. R. Co.* (6 Ired.
L. R. 456), it was held by the Supreme Court of North Caro-
lina that the failure of a railroad company to comply with a
provision of its charter requiring the president and directors
of the company to make an annual statement of its income
and return the same to the general assembly, in order to enable
the latter to regulate the tolls charged by the company, was a
cause for declaring the charter forfeited. Chief Justice
RUFFIN, delivering the opinion of the court, said : "We enter-
tain no doubt that the omission of an express duty prescribed
by a charter to a corporation is a cause of forfeiture. Its per-
formance is in the nature of a condition, and the sovereign
may insist on resuming his grant for the breach of the condi-

tion.    *    *    *    When the charter expressly imposes a duty which the company is to perform, not merely to the citizen, but towards the sovereign itself, although it may not declare that non-performance shall make a forfeiture, yet by no latitude of equitable interpretation can it be regarded as a hard bargain, and as such relieved against in a court of law ; but it must be taken to have been required by the state as a material stipulation, for the non-performance of which by the corporation the state may put an end to the contract."

But it is further provided in section 12 that if the corporation shall fail to make the report " all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing and for all that shall be contracted before such report shall be made," and it is contended by the learned counsel for the appellant that that is the only consequence which is to follow from a failure to make the report ; and he invokes the general rule of law that " when a duty is prescribed, and the consequence of a failure to perform it has been declared, it is in its nature an implied prohibition of all other punishments."    Under the rule referred to it must be held that the statute provides the only consequence to the trustees, and the only liability or penalty that can be imposed upon them.    But section 12 imposed no liability or penalty upon the corporation for a failure to make the report.    Such a failure of duty on the part of a corporation, in the performance of which the public are interested, is left to be dealt with by the general provisions of law applicable to corporations, and its liability to forfeit its charter is the only consequence to it ; and thus for the failure to make the report the corporation may suffer for an omission to perform a corporate duty, and the trustees may suffer for an omission to perform an official duty resting upon them.

But there is still another ground for upholding this judgment which is liable to less criticism.    It is provided in section 10 of the General Manufacturing Act, that the capital stock of every corporation formed under the act, as fixed and limited in its articles of incorporation, " shall be paid in, one-half

thereof in one year, and the other half thereof in two years from the incorporation of such company, or the corporation shall be dissolved." Here was an express duty imposed upon this corporation to see to it that all its stock was paid in within the time specified, and that was made an imperative duty, as it is provided that it *shall* be paid in, and if that condition is not performed the corporation *shall* be dissolved. We do not see how it is possible to so construe this language as to relieve a corporation from forfeiture of its charter for a non-compliance with the condition. When it is claimed that this provision of the statute has been violated, the attorney-general may exercise his discretion, based upon all the facts in the case, whether the public interests require that he should commence an action, and when he applies to the court for leave to commence it, it may exercise its discretion in the same way. But if he and it determine that it ought to be commenced and it has been commenced and it is proved that the stock has not all been paid in within the two years, then the statute is imperative that the corporation shall be dissolved; and no discretion at that stage of the case seems to be left to the court. But here, if the court had any discretion, it has exercised it by giving judgment for dissolution. As we have before stated, that some or all the persons who applied to the attorney-general to commence the action for a dissolution, were among those who omitted to pay for their stock, can have no legal effect whatever upon this action. It is sufficient for its maintenance that the corporation has omitted to enforce the payment of its stock within the time prescribed by law.

Our conclusion, therefore, is that the judgment should be affirmed with costs.

All concur, Andrews, Finch, Gray and O'Brien, JJ., on second ground stated in the opinion.

Judgment affirmed.