## PEOPLE ex rel. HEARST v. RAMAPO WATER CO.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

1. CORPORATIONS—OMISSION AND SUSPENSION OF BUSINESS—FORFEITURE OF
   CHARTER—COMPLAINT—SUFFICIENCY.
   A complaint alleging that defendant was organized as a domestic corpo-
   ration in 1887; that since then it has never engaged in its lawful or ordi-
   nary business, such omission or suspension of business having been ever
   since defendant was incorporated, and thereby has forfeited its franchise,
   —alleges a cause of action, as it is a declaration in a single count that
   from the date of organization the defendant corporation has been dormant
   and dead.

2. SAME—BY WHOM MAINTAINED.
   Under Code Civ. Proc. §§ 1785. 1786, providing that an action to judi-
   cially declare the death and administer the assets of a corporation, where
   it has suspended its ordinary and lawful business for at least one year,
   can be maintained either in the name of the people of the state or in the
   name of the party in interest, such an action cannot be maintained in the
   name of the people on relation of a party.

3. SAME.
   Gen. Corp. Law, § 31, provides that where a corporation shall not organ-
   ize and commence business or undertake the discharge of its corporate
   duties within two years from its incorporation, its corporate powers shall
   cease. Code Civ. Proc. § 1798, authorizes an action only by the attorney
   general, in the name of the people, when a corporation has forfeited its
   privileges or franchises by a failure to exercise its powers. Section 1808
   declares that the people of the state and a party in interest can be united
   in a case where the action can be brought only by the attorney general in
   behalf of the people. An action was instituted in the name of the people
   on relation of a party against defendant, the complaint alleging that de-
   fendant had been incorporated in 1887, and since then had never engaged
   in its lawful or ordinary business. *Held*, that the action was brought un-
   der section 1798, and could properly be maintained in the name of the
   people of the state on relation of a party.

4. SAME—LEAVE OF COURT.
   Under Code Civ. Proc. § 1798, providing that, on leave of the court
   being granted, an action can be maintained against a corporation when it
   has forfeited its privileges or franchises by a failure to exercise its power,
   when such an action is brought, leave of the court to bring it being essen-
   tial, should be alleged, and the question whether leave has been granted
   can be raised by general denial.

Appeal from special term.

Action by the people of the state of New York, on relation of Wil-
liam H. Hearst, against the Ramapo Water Company, to judicially de-
termine the death and administer the assets of the corporation. From
an interlocutory judgment overruling a demurrer, defendant appeals.
Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH,
and KELLOGG, JJ.

Hoadley, Lauterbach & Johnson (Herbert R. Limburger, of counsel),
for appellant.

John C. Davies, Atty. Gen., and David B. Hill, for respondent.

KELLOGG, J. The demurrer to the complaint is upon three
grounds: that no cause of action is alleged, that plaintiff has no legal
capacity to maintain this action, and that there is a misjoinder of

parties plaintiff. I think it plain that there is a cause of action alleged. Whether this alleged cause of action can be maintained in the name of the people on the relation of a party in interest is the only serious question presented. The complaint states that defendant was organized as a domestic corporation in 1887. "That the defendant, instead of exercising its corporate powers, as required by law, has never engaged in its lawful and ordinary business; * * * such omission or suspension of said business having been, not only for a year, but ever since the said defendant was incorporated, as aforesaid, it having failed to exercise its corporate powers necessary to enable it to transact such business, * * * and thereby the said defendant has forfeited its corporate rights, privileges, and franchises." This is not an ambiguous declaration, nor is it susceptible of more than a single meaning. It is a declaration, in a single count, that from the date of organization this corporation has been dormant or dead; that its creators failed to put into it that breath of life which the statute says must be put in, and must be evidenced by movement in the line of the purpose for which it was organized. This inaction from the beginning is conclusive evidence that it is dead, and it should be buried out of sight. In such a case an action will lie to judicially declare the death and administer the assets, if any there be. But by whom may the action be brought? Section 1785 of the Code of Civil Procedure provides that such an action may be maintained to procure a judgment dissolving a corporation "where it has suspended its ordinary and lawful business for at least one year." I do not think this complaint can be said to have been framed under that provision. Its wording precludes that conclusion. It is not alleged that defendant ever had a life to suspend; on the contrary, it alleges that it had none. Besides, an action under this provision of the Code must, I think, be maintained either in the name of the people of the state or in the name of the party in interest, and not in the name of the people on the relation of a party. Section 1786 makes it plain that the action may be maintained by either the one or the other. Section 1808 is the only authority in the Code for uniting the people of the state and a party in interest, and that must be "in a case where the action can be brought only by the attorney general in behalf of the people." In such a case, if the attorney general declines to bring it, he can be made to move by a party in interest, by giving bonds, etc., and becoming responsible for costs. Then the action takes the form prescribed by section 1986,—the form of action entitled in this complaint. There are many cases in which an action against a corporation can be maintained only by the attorney general in the name of the people of the state. There are many cases where it can be maintained only by the party in interest, and there are some when such action can be maintained by either. Of the latter class are all the actions authorized by section 1785. I see no good reason for giving a forced meaning to the language used in section 1808. Its literal reading provides fully for every case. Actions authorized for causes stated in section 1798 of the Code are to be brought by the attorney general in the name of the people, and only by him; hence such actions may properly be brought in the name of the people of the state on the relation of a

party, as is the action here being considered. Such an action is authorized when the corporation has "forfeited its privileges or franchises by a failure to exercise its powers," and that, I think, is the cause of action stated in this complaint. The form of the judgment in such a case as provided by section 1801 is that the corporation be dissolved, a receiver appointed, an account taken, and property distributed the same as in voluntary dissolutions. Section 31 of the general corporation law provides as to corporations of this character; if it "shall not organize and commence the transaction of business, or undertake the discharge of its corporate duties within two years from the date of its incorporation, its corporate powers shall cease." This is the character of the failure alleged in the complaint, which gives the cause of action. More than two years of failure is alleged,—ever since 1887; more than two years since 1895, when, by amendment of defendant's charter, the legislature recognized the then existence of the corporation defendant. If I am correct in my conclusion that this action is in fact brought, and properly brought, as here entitled, under section 1798 of the Code, leave of the court to bring it is essential, and, I think, should be alleged. While I do not find that the court has in any case directly so declared, neither do I find that it has declared to the contrary, and the general principles governing in practice seem to require that all facts necessary to show a cause of action, and also the right to the remedy sought, should be alleged. But in a way the complaint does allege this court leave. I think a general denial would raise the issue as to whether the leave had been granted. This is not a fact which pertains to the cause of action itself, concerning which the allegations should be not only concise, but plain and direct; any form of statement from which the meaning may be drawn that leave to present the cause of action has been granted ought to be sufficient; and that, from the language used in the complaint, is clearly understood here.

I think, for the reasons stated, that the interlocutory judgment overruling the demurrer should be affirmed, with costs, and the usual leave should be given to answer over on payment of costs of this court and at special term. All concur.