PEOPLE v. WESTCHESTER TRACTION CO.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. PLEADING—SUPPLEMENTAL PLEADINGS—STATUTORY PROVISIONS.

On motion for leave to serve a supplemental complaint in an action by the state against a corporation, the affidavit by the state's attorney described the action as "for the forfeiture of the defendant's franchise to operate a trolley system in the village of Ossining." The original complaint was not read on the motion. *Held*, that the motion was erroneously granted; Code Civ. Proc. § 1798, authorizing an action "to procure a judgment vacating the charter or annulling the existence of a corporation," but not to take away from it any of its rights or property.

2. CORPORATIONS—DISSOLUTION—POWERS OF TRUSTEES.

Where the life of a corporation is taken away, its rights and property are not confiscated, but become vested in its trustees in office at the time of its death.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2448–2456.]

Appeal from Special Term, Westchester County.

Action by the people of the state of New York against the Westchester Traction Company. From an order of the Special Term granting plaintiff's motion to serve a supplemental complaint, defendant appeals. Reversed.

See 56 Misc. Rep. 364, 106 N. Y. Supp. 389.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

J. Aspinwall Hodge (Roy M. Robinson, on the brief), for appellant.
Frank L. Young, for respondent.

GAYNOR, J. On a short affidavit by the plaintiff's attorney that this action is "for the forfeiture of the defendant's franchise to operate a trolley system in the village of Ossining," the Special Term granted the plaintiff's motion to serve a supplemental complaint. The original complaint was not read on the motion, and is not in the present record. There is no such action known as that described in the said affidavit. Section 1798 of the Code of Civil Procedure only authorizes an action "to procure a judgment vacating the charter or annulling the existence of a corporation," and not to forfeit or take away from it any of its rights or property; and even if its life be taken away, its rights and property are not confiscated, but become vested in its trustees in office at the time of its death. People v. O'Brien, 111 N. Y. 1, 18 N. E. 692, 2 L. R. A. 255, 7 Am. St. Rep. 684.

The order should be reversed.

Order reversed, with $10 costs and disbursements. All concur.