■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VIVISECTION INVESTIGATION LEAGUE and CURTIS P. FRESHEL, Respondents, v. AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, Appellant.— Order, entered on June 26, 1963, denying defendant's motion to dismiss the complaint unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion to dismiss the complaint granted, with $10 costs. Relators are members of the public interested in preventing violation of section 195-a of the Penal Law ("Operating upon tails of horses unlawful"). They complained to the Attorney-General that defendant, a society incorporated by special act (L. 1866, ch. 469), though ostensibly existing for the prevention of cruelty to animals, had failed to perform the duties and to exercise the prerogatives vested in it in that in recent years it had not condemned the practices forbidden by section 195-a or taken any effective action to put an end to them; and on the contrary had taken the benefit of such practices by apparently sharing in the proceeds of exhibitions and contests in which horses subjected to such practices were prominent. Relators called upon the Attorney-General to "take the necessary steps to investigate this situation and to rescind the charter of the American Society for the Prevention of Cruelty to Animals and to enjoin its activities." The Attorney-General replied that "such a violation, if any, of the Penal Law would be within the jurisdiction of the District Attorney and was not a matter for the Attorney General. I am informed that the matter was called to the attention of the District Attorney." This action was then brought to obtain the relief for which the Attorney-General had refused to apply. There is no connection between relators and defendant and no private wrong is alleged. An action of the type which relators desired the Attorney-General to institute against defendant is authorized by section 91 of the General Corporation Law (see *People v. Abbott Maintenance Corp.*, 11 A D 2d 136, affd. 9 N Y 2d 810). It is, however, "strictly a people's action" (*People v. Buffalo Stone & Cement Co.*, 131 N. Y. 140, 143). No provision akin to that in section 72 is made for suit by others if the Attorney-General declines to proceed, and under settled decisional law such a suit may not be maintained (*People v. Buffalo Stone & Cement Co., supra; Matter of Brooklyn El. R. R. Co.*, 125 N. Y. 434, 440; *People v. Ballard*, 134 N. Y. 269, 293; *People ex rel. Hearst v. Ramapo Water Co.*, 51 App. Div. 145, 147; *People ex rel. Lehmaier v. Interurban Ry. Co.*, 85 App. Div. 407, 411, app. dsmd. 177 N. Y. 296; *People ex rel. Karl v. United Traction Co.*, 145 App. Div. 645, 650; *People v. Volunteer Rescue Army*, 262 App. Div. 237, 239;

see 2 White, New York Corporations [12th ed.], p. 304, § 91, subd. B; 19 Carmody-Wait, New York Practice, p. 295, § 161). Accordingly the complaint must be dismissed. Indeed we should in any event be forced to that disposition, for relator's grievance, as we read the complaint, seems to resolve itself merely into a nonlitigable difference of opinion between the parties regarding the scope and degree of protest desirable to prevent cruelty to animals. Concur — Botein, P. J., Breitel, Rabin, Steuer and Bastow, JJ.